**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **JONATHAN EVANS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )  **1:19-cv-6705** |
| **HIRERIGHT, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the plaintiff, JONATHAN EVANS, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against HIRERIGHT, LLC, the plaintiff states as follows:

### I.     PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq.

### II.     JURISDICTION & VENUE

2.     Jurisdiction arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.     PARTIES

4.     JONATHAN EVANS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Zion, County of Lake, State of Illinois.

5.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

1

6.      HIRERIGHT, LLC, (hereinafter, "Defendant"), is a business entity that provides employment screening services to various third-parties.

7.      Defendant is registered as a Delaware limited liability company in the State of Illinois and has its principal place of business located at 3349 Michelson Drive Suite 150, Irvine, CA 92612.

8.      At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

9.      At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

10.     At all relevant times, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

## IV.     ALLEGATIONS

11.     At all relevant times, "background reports" as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

12.     Among other things, the FCRA regulates the collection, maintenance and disclosure of consumer credit report information by consumer reporting agencies.

13.     Among other things, Defendant sells consumer reports to employers who wish to screen job applicants.

14.     Some of the consumer reports Defendant sells to employers contain information regarding a job applicant's criminal arrest and conviction history.

15.     When a consumer reporting agency prepares a consumer report, it is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

16.     As a consumer reporting agency, when it prepares a consumer report, Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

17.     In or around June of 2019, Plaintiff applied for a position of employment with CARDINAL HEALTH.

18.     Subsequent to submitting his application of employment to CARDINAL HEALTH, Plaintiff had an interview with a representative from CARDINAL HEALTH.

19.     On or about June 13, 2019, subsequent to Plaintiff's interview with CARDINAL HEALTH, CARDINAL HEALTH offered Plaintiff a position of employment; said offer was contingent upon Plaintiff successfully passing a background screening.

20.     As part of its routine background check on its prospective employees, CARDINAL HEALTH requested that Defendant provide information regarding, among other things, the character and general reputation of Plaintiff.

21.      On or about July 19, 2019, Defendant prepared and sold a consumer report to CARDINAL HEALTH, purportedly regarding the character and general reputation of Plaintiff.

22.     The aforementioned consumer report contained public record information that indicated that Plaintiff had been convicted of felony fleeing/eluding police officer.

23.     Concurrent with the furnishing to CARDINAL HEALTH of a consumer report regarding Plaintiff that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, Defendant was under an obligation to provide

notice to Plaintiff of the fact that public record information was being reported about Plaintiff, and further provide notice to Plaintiff of the name and address of the person to whom such information was being reported.

24.     Despite the furnishing to CARDINAL HEALTH of a consumer report regarding Plaintiff that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, Defendant failed to concurrently provide notice to Plaintiff that public record information was being reported about Plaintiff.

25.     Despite the furnishing to CARDINAL HEALTH of a consumer report regarding Plaintiff that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, Defendant failed to concurrently provide Plaintiff with the name and address of the person to whom such information was being reported.

26.     Alternatively, Despite the furnishing to CARDINAL HEALTH of a consumer report regarding Plaintiff that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, Defendant failed to maintain strict procedures designed to ensure that the public record information it reported to CARDINAL HEALTH about Plaintiff was current and complete.

27.     Despite its obligations pursuant to the FCRA, Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's character and general reputation to third parties (hereinafter the "inaccurate information").

28.     Plaintiff has never been arrested, tried or convicted of the offense that appeared in the background report prepared by Defendant.

29.     Specifically, Plaintiff asserts that Defendant mismatched criminal background history with another individual named Jonathan Evans, that he is not said individual, and that he has never been convicted of the offense as reported by Defendant.

30.     Despite the foregoing, Defendant has disseminated consumer reports containing the aforesaid inaccurate information to various third-parties, including CARDINAL HEALTH.

31.     The inaccurate information negatively reflects upon Plaintiff and Plaintiff's character and general reputation.

32.     The background reports have been and continue to be disseminated to various persons and potential employers, both known and unknown.

33.     As of the result of the inaccurate information reported by Defendant to CARDINAL HEALTH, Plaintiff's employment was delayed by approximately eight (8) weeks.

34.     Despite its obligations to comply with the FCRA, Defendant prepared and sold a report purporting to contain information regarding Plaintiff's character and general reputation yet said report contained information regarding an unknown third party that did not have the same Social Security Number as Plaintiff and did not have the same middle initial as Plaintiff.

35.     Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff to CARDINAL HEALTH and other unknown third parties.

36.     Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Temporary loss of employment opportunity;

   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

37.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

38.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

a. willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

b. willfully and negligently failing to provide, concurrent with the furnishing of a consumer report regarding Plaintiff to a prospective employer that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, notice to the consumer Plaintiff of the fact that public record information was being reported about Plaintiff, and failing to provide notice to Plaintiff of the name and address of the person to whom such information was being reported in violation of 15 U.S.C. §1681k(a)(1).

c. willfully and negligently failing to maintain procedures designed to ensure that the reporting of public record information, which was likely to have an adverse effect on a Plaintiff's ability to obtain employment, was current and complete, in violation of 15 U.S.C. §1681k(a)(2).

39.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V.    JURY DEMAND

40.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JONATHAN EVANS, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Punitive damages;

    d.    Plaintiff's attorneys' fees and costs; and,

    e.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JONATHAN EVANS**

By:    s/ David M. Marco
Attorney for Plaintiff

Dated: October 10, 2019

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:    (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:    dmarco@smithmarco.com